**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| R.J. DROLETT | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-05-cv-1335 (JCH) |
| | : | |
| EDWARD DeMARCO, JR., ET AL | : | MARCH 23, 2006 |
|     Defendant | : | |

## ORDER

The parties' Motion for Protective Order [Dkt. No. 31] is GRANTED, except as to paragraph 10.  If either party wants to designate anything filed with, or presented to, the court as confidential and place it under seal, that party must make a separate motion in accordance with District of Connecticut Local Rule 5(d), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the court should depart from the strong presumption against sealing any court records to public inspection.  See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-99 (1978); United States v. Graham, 257 F.3d 143, 150 (2d Cir. 2001); United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995); Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994).

In limited circumstances and upon a showing of compelling circumstances, this court may order certain records to be sealed.  However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need."  Id. at 27 (citation omitted); see Securities & Exchange Comm'n v. The Street.com, 273 F.3d 222, 232 (2d Cir. 2001). Moreover, ordinarily, a court must make that determination on the basis of a careful,

document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection.  See United States v. Amodeo, 71 F.3d 1044, 1051-51 (2d Cir. 1995).  A blanket sealing order such as that apparently requested would rarely, if ever, be appropriate.  Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order.  Id.  Until either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this court will not depart from the governing strong presumption of open access.

If a party (hereinafter "filing party") intends to file anything that contains material designated by another party ("designating party") as "confidential," the filing party must give any designating party 14 days notice of intent to file.  If the designating party objects, it should notify the filing party and file a Motion to Seal no later than 5 days before the filing date, and the filing party shall hold his pleadings containing any such designated material until the court acts on the Motion to Seal, at which point the filing party should file within 5 days of the court's Order on the Motion to Seal.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of March, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge